UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL EMERSON,

Plaintiff,

v.                                              Case No. 16-cv-10122

JENNIFER WIESMAN,                    UNITED STATES DISTRICT COURT JUDGE
WILLIAM BORGERDING, D. O.,                 GERSHWIN A. DRAIN
ROSILYN JINDAL, and
RICHARD RUSSELL,                      UNITED STATES MAGISTRATE JUDGE
                                            ELIZABETH A. STAFFORD
Defendants.

/

**ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT [1]**

**I. INTRODUCTION**

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff

Steven Michael Emerson ("Plaintiff") is a state prisoner at the Gus Harrison

Correctional Facility in Adrian, Michigan. The Defendants are: Jennifer Wiesman,

a nurse practitioner; William Borgerding, a physician at the Gus Harrison

Correctional Facility; Rosilyn Jindal, a physician's assistant at the Gus Harrison

Correctional Facility; and Richard Russell, manager of the Grievance Section for

the Michigan Department of Corrections.

In his complaint, Plaintiff alleges that, on January 22, 2009, Drs. Barbara Jahnke and Adman Malik placed him on oxygen concentration therapy due to his diminished lung capacity and severe chronic obstructive pulmonary disease. On February 12, 2015, Plaintiff was admitted to Allegiance Hospital in Jackson, Michigan due to chest pain and difficulty breathing. Three days later on February 15, 2015, Plaintiff was transferred to Dwayne Waters Hospital in Jackson, Michigan where Defendant Jennifer Wiesman stopped Plaintiff's breathing treatments and confiscated his oxygen concentrator, which he purchased with his own funds. Dkt No. 1 at 3 (Pg. ID No. 3). Plaintiff alleges that he filed a prison grievance about the problem, but on August 3, 2015, Defendant Richard Russell denied his grievance at step 3 of the grievance procedures. Plaintiff further alleges that, on September 22, 2015, Defendant Rosilyn Jindal requested an oxygen concentrator for Plaintiff, and on September 23, 2015, Defendant Dr. William Borgerding deferred the request. *Id*. at 6 (Pg. ID No. 6).

Plaintiff claims that the Defendants' failure to provide him with necessary medical equipment constitutes deliberate indifference to a serious medical need in violation of his rights under the Eighth Amendment to the United States Constitution. He seeks money damages and the return of his oxygen concentrator. *Id*. at 3 (Pg. ID No. 3). For the reasons given below, the Court finds that Plaintiff's allegations fail to state a plausible claim for relief.

## II. LEGAL STANDARD

To prevail on a claim under 42 U.S.C. § 1983, a prisoner must prove "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and

citations omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Plaintiff alleges that the Defendants have violated his Eighth Amendment right not to be subjected to cruel and unusual punishment.

> A prison doctor violates the Eighth Amendment when [he or] she exhibits "deliberate indifference to [the] serious medical needs" of a prisoner. *Estelle* [*v. Gamble*, 429 U.S. 97, 104 (1976)].  An Eighth Amendment claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

*Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013).

A "sufficiently serious" medical need for purposes of the objective component of the test,

> is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks omitted).  If the

plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

*Id*.

To be liable under the subjective component of an Eighth Amendment claim, a plaintiff must prove that medical personnel

had a "sufficiently culpable state of mind," equivalent to criminal recklessness.  *Farmer*, 511 U.S. at 834, 839-40, 114 S. Ct. 1970) (internal quotation marks omitted).  To be liable, the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," *id*. at 835, 114  S. Ct. 1970, but they must act with more than mere negligence, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) . . . .

An official is deliberately indifferent where [he or] she (1) "subjectively perceived facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Id*. at 591.

Exhibits to the complaint indicate that a sleep study was performed on Plaintiff during the early part of 2015, and on March 13, 2015, prison officials determined that Plaintiff did not need supplemental oxygen.   Dkt. No. 1, Ex. A (Pg. ID No. 10).   However, the registered nurses who responded to Plaintiff's grievance stated that Plaintiff "received and will continue to receive all medical

care necessary to meet his medical needs." *Id.* On or about September 9, 2015, prison officials considered whether Plaintiff's oxygen concentrator should be returned to him. *Id.* (Pg. ID No. 16). On September 22, 2015, Defendant Rosilyn Jindal requested an oxygen concentrator for Plaintiff. *Id.* (Pg. ID No. 17). Finally, on September 23, 2015, Dr. Borgerding deferred the request after concluding from studies performed on Plaintiff at the Duane Waters Hospital that Plaintiff did not need the oxygen concentrator. *Id.* (Pg. ID No. 18).

It is obvious from the foregoing summary of the facts that the Defendants have not ignored Plaintiff's condition. The dispute arises over the adequacy of the treatment. When, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Furthermore, even assuming that Plaintiff has a "sufficiently serious" medical need and that he has satisfied the objective component of an Eighth Amendment claim, he has not shown that the Defendants had a "sufficiently culpable state of mind." His allegations establish nothing more than a difference of opinion about whether he needs an oxygen concentrator. A medical decision not to order certain measures does not constitute cruel and unusual punishment, *Estelle*, 429 U.S. at 107, and a mere "difference in opinion between a prisoner and

the medical staff about treatment does not state a cause of action." *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004). Thus, Plaintiff's allegations about nurse practitioner Jennifer Wiesman and Dr. William Borgerding fail to state a plausible claim for relief.

Plaintiff alleges, and exhibits to the complaint confirm, that Defendant Rosilyn Jindal actually tried to help Plaintiff by requesting an oxygen concentrator for Plaintiff. Therefore, Plaintiff also has failed to state an Eighth Amendment claim against Defendant Jindal.

Plaintiff's only complaint against Defendant Richard Russell is that Russell denied his grievance. The denial of an administrative grievance is not a basis for holding a person liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011). Consequently, Plaintiff has failed to state a claim against Defendant Russell.

## IV. CONCLUSION

For the reasons given above, Plaintiff's complaint is frivolous because it lacks an arguable basis in law. The complaint also fails to state a plausible claim for which relief may be granted.

Accordingly, IT IS ORDERED that the complaint [1] is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).

IT IS FURTHER ORDERED that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: February 16, 2016                    /s/Gershwin A Drain
Detroit, MI                                 Hon. Gershwin A. Drain
                                            United States District Court Judge